**UNITED STATES of America, Plaintiff,**

v.

**RODE CORPORATION, Defendant.**

No. 91–C–604–S.

United States District Court,
W.D. Wisconsin.

Nov. 26, 1991.

Richard D. Humphrey, Asst. U.S. Atty., Madison, WI, for plaintiff.

Alan J. Strohschein, Stoltz & Strohschein, Columbus, WI, for defendant.

## ORDER

SHABAZ, District Judge.

Plaintiff United States of America brings this civil action under 28 U.S.C. § 1345 to recover the possession of property held by the defendant. On October 11, 1991 plaintiff filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact and conclusions of law, affidavits and a brief in support thereof, which motion has been fully briefed.

■ On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

■ Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding plaintiff's motion for summary judgment, the Court finds that there is no genuine dispute as to the following material facts.

The plaintiff United States of America is the fee simple owner of property located in Columbia County Wisconsin. Plaintiff purchased this property at a U.S. Marshal's sale pursuant to a judgment of foreclosure and sale entered June 10, 1982 in the case of *United States of America v. Rode Corporation, et. al.,* Case No. 82–C–9–S, which sale was confirmed by this Court's August 19, 1983 order. Plaintiff recorded the deed to the property with the Columbia County Register of Deeds on September 19, 1983.

The real estate has since been in the inventory of the Farmers Home Administration and is identified as CONACT property pursuant to 7 C.F.R. § 1951.906. CONACT property is property used as collateral for Farmer Program loans. Defendant was advised of its leaseback/buyback rights by a certified letter dated November 10, 1986. Plaintiff leased the property to defendant from April 1, 1987 until March 31, 1988 and from April 1, 1988 to March 31, 1989. By letter dated March 25, 1991, Ronald Caldwell, Wisconsin State Director of Farmers Home Administration, demanded possession of the property, requesting Rode Corporation to vacate the premises within thirty days, which defendant has failed to do.

On September 14, 1988 the 1951–S regulations set forth at Title 7, C.F.R., sections 1951.901 through 1951.950, became effective. These regulations were written for the purpose of implementing and interpreting portions of the Agricultural Credit Act of 1987 which became effective on January 6, 1988.

Section 1951.911 provides for preservation loan service programs including leaseback/buyback and homestead protection. A softwood timber program is available to borrowers with distressed farmer program loans. Part 1951, Subpart S, Exhibit G, of Title 7, Code of Federal Regulations.

The leaseback/buyback program allows a previous owner of a farm that was security for a Farmers Home Administration Farmer Program loan to lease the entire farm with the option to buy it back. CONACT property acquired prior to January 6, 1988 is covered under this section only if the former owner/previous operator was not advised of his or her leaseback/buyback rights under the Farmers Home Administration's previous leaseback/buyback regulation. 7 C.F.R. § 1951.911(a).

The homestead protection program gives Farmers Home Administration borrowers and former borrowers the option of leasing with the option to buy homestead property. 7 C.F.R. § 1951.911(b)(2)(i). An individual must apply for such protection not later than 90 days after the property is acquired by the Farmers Home Administration or 90 days after January 6, 1988 if the property was acquired before that date. 7 U.S.C. § 2000(c)(1).

Defendant's property was in the Farmers Home Administration inventory prior to January 6, 1988 and defendant had 90 days from that date or until April 5, 1988 to apply for the homestead protection program. By letter dated February 29, 1988 defendant was specifically advised by certified mail of the program and the application deadline. Defendant failed to apply for the homestead protection program.

The regulations require that Exhibit A of Subpart S of the 1951–S regulations plus various specified Attachments be sent to borrowers who become at least 180 days delinquent on Farmers Home Administration loans. 7 C.F.R. § 1951.911(b)(2). Borrower is defined as an individual or entity which has or is presently operating the farm and has outstanding obligations to the Farmers Home Administration under any loan. 7 C.F.R. § 1951.906. A borrower does not include a debtor whose loans and accounts have been foreclosed.

## CONCLUSIONS OF LAW

Plaintiff moves for summary judgment on its claim to recover possession of the property presently occupied by defendant. Defendant contends that plaintiff failed to comply with its own regulations.

Defendant argues that the 1951–S regulations which were implemented pursuant to the Agriculture Credit Act of 1987 require defendant be provided with the regulations advising of the availability of the leaseback/buyback and homestead preservation program. However, the regulations only require that Exhibit A of Subpart S of the regulations be provided to borrowers who become at least 180 days delinquent on Farmers Home Administration loans. 7 C.F.R. § 1951.911(b)(2). Defendant is not a borrower as defined in 7 C.F.R. § 1951.906, and there was no requirement that it be provided with a copy of any part of the regulations.

Defendant was not eligible for either the leaseback/buyback provisions or homestead protection provision of the 1951–S regulations. The leaseback/buyback provisions did not apply because defendant's property was CONACT property acquired prior to January 6, 1988 and defendant was advised of its leaseback/buyback rights. In fact, defendant leased the property for two years. The homestead protection provision provided that defendant was to apply by April 5, 1988. Defendant was notified by certified mail of this program and the deadline and failed to apply. Defendant was not eligible for the softwood timber program because it was not a borrower pursuant to the regulations. 7 C.F.R. § 1951.906.

Defendant was provided with all of its rights under the 1951–S regulations. Defendant is unlawfully holding and occupying the property contrary to the rights of the plaintiff, and has been since March 31, 1989. Accordingly, the Court will grant plaintiff's motion for summary judgment and order the defendant to immediately vacate the property.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of the plaintiff and against the defendant directing said defendant to immediately vacate said property in Columbia County and to deliver possession thereof to plaintiff, with costs.